**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40949
Summary Calendar

LEONARD REED,

Plaintiff-Appellant,

VERSUS

NATHANIEL QUARTERMAN, Warden, Warden II, Coffield Unit; BERNIE L. BUSH, Captain, Coffield Unit; WAYNE ASBERRY, Lieutenant, Coffield Unit; LISA MARTIN, Co. II, Coffield Unit; RONNIE GOFF, Co. II, Coffield Unit,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas

(6:96-CV-366)

October 20, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On April 26, 1996, Leonard Reed, a Texas prisoner, filed this 42 U.S.C. § 1983 suit alleging

that his constitutional rights were violated by prison officials during three separate disciplinary

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearings. The parties consented to proceed before a magistrate judge as authorized by 28 U.S.C. § 636(c). The magistrate held a hearing on July 24, 1996 to develop the facts underlying Reed's complaint. On September 13, 1996, the magistrate judge dismissed this suit as frivolous under 28 U.S.C. §1915. Reed appeals.

This court reviews a judgment rendered by a magistrate judge under 28 U.S.C. § 636 (c) using the same standards applied to final decisions by a district court judge.[2] Accordingly, the magistrate judge's decision to dismiss this suit as frivolous is reviewed for abuse of discretion.[3] We have examined Reed's arguments and the record. We find that the magistrate judge did not abuse her discretion.

Reed's first two claims stem from disciplinary hearings held in November of 1993 and on March 12, 1994. The magistrate judge found these claims barred by the statute of limitations. We agree. The statute of limitations for a § 1983 action is borrowed from the forum state's general personal injury limitations period.[4] In Texas, the forum state of this suit, the period is two years.[5] The injuries Reed allegedly suffered in the November 1993 and March 1994 hearings occurred more than two years before this § 1983 action was commenced on April 26, 1996. As a result, both of these claims are barred by the statute of limitations.

Reed also alleges that prison officials violated his rights in a third disciplinary hearing held on October 27, 1994. At the hearing, Reed was found guilty of sexual misconduct. He lost 14 days of

---

[2]     *James v. Hyatt Corp.*, 981 F.2d 810, 812 (5th Cir. 1993).

[3]     *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

[4]     *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

[5]     *Id*. at 419.

good time credit, had his status reduced from "SAT-4" to "line class 2", and was placed into solitary confinement for 15 days. First, Reed maintains that prison officials violated his right to privacy by punishing him for acts performed in the privacy of his own cell. There is no merit to this contention. "[M]asturbation does not qualify as a basic human need or a fundamental right protected under the penumbral right to privacy."[6]

Reed also argues that prison officials violated his procedural due process rights during the third disciplinary hearing because a portion of the hearing was conducted outside of his presence and because he was denied the testimony of a key witness, Officer Hart.[7] We disagree. Reed has provided no factual basis to support these contentions. He has offered no theory to show that Officer Hart possessed evidence that would help his cause. Nor has he shown that prison officials presented any evidence outside of his presence. As a result, we find Reed's procedural due process claim meritless.

Finally, Reed maintains that his rights were violated by the filing of a false disciplinary report against him. To succeed on this claim, Reed must show that the disciplinary proceedings terminated in his favor.[8] They did not, and Reed's argument must fail.

Reed's appeal is DISMISSED.

---

[6]     *Ordaz v. Martin*, No. 93-4170 at 11 (5th Cir. Sept. 15, 1993) (unpublished opinion).

[7]     In *Wolff v. McDonnell*, the Supreme Court found that prisoners are entitled to notice, a hearing, and an opportunity to present witnesses before prison officials take away good time credits or impose a sentence of solitary confinement upon the prisoner. 418 U.S. 539, 563-6 (1974). That right to call witnesses is not absolute   Members of the disciplinary committee may refuse to allow a witness to testify if that testimony would be irrelevant, unnecessary, or hazardous to institutional safety and correctional goals. *Id*. at 566-7.

[8]     *Ordaz v. Martin*, No. 93-4170 at 12 (5th Cir., Sept. 15, 1993) (unpublished opinion).